IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-331-BO
No. 5:11-CV-471-BO

| | |
|---|---|
| ANTONIO CAMERON, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent moved to dismiss, and the matters are ripe for ruling. For the reasons discussed below, respondent's motion is granted.

## BACKGROUND

On June 16, 2008, petitioner pleaded guilty pursuant to a plea agreement to one count of possessing access devices in violation of 18 U.S.C § 1029(e)(1)-(3) (count one) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A (count two). Petitioner was sentenced on September 10, 2008, to a term of 120 months imprisonment and twenty-four months imprisonment, to be served consecutively. Petitioner appealed, and the court of appeals affirmed petitioner's convictions but vacated his sentence and remanded to this Court for re-sentencing on count one. On January 15, 2010, this Court re-sentenced petitioner to a term of sixty months imprisonment and twenty-four months imprisonment, consecutive. Petitioner appealed, and the court of appeals affirmed the sentence by opinion entered February 9, 2011.

Petitioner then timely filed the instant motion pursuant to 28 U.S.C. § 2255, claiming that he received the ineffective assistance of counsel and seeking vacatur of his conviction for aggravated identity theft in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). Respondent moved to dismiss petitioner's § 2255 petition, and the Court appointed counsel to assist petitioner with his claims. Petitioner's counsel, after reviewing the discovery in this matter, filed a supplemental brief contending that petitioner's claims are meritorious.

## DISCUSSION

Though petitioner has denominated four claims, three are, in essence, an outgrowth of petitioner's argument that the holding in *Flores-Figueroa* necessitates that his conviction for aggravated identity theft be vacated and that appellate counsel was ineffective for failing to raise this issue on appeal. In *Flores-Figueroa*, the Supreme Court held that, in order to convict a defendant of aggravated identity theft, the government must prove that the defendant *knew* that the means of identification unlawfully transferred, possessed, or used did actually belong to another person.[1] Petitioner's final claim asserts that the Court abused its discretion in imposing sentence and that his sentence is still procedurally unreasonable. The government seeks a dismissal of petitioner's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint and must be granted if the complaint fails to state a facially plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also United States v. Reckmeyer*, 900 F.2d 257 (4th Cir. 1990) (unpublished) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to

---

[1] Neither party disputes that *Flores-Figueroa* is applicable retroactively. *See United States v. Berry*, 369 Fed. App'x 500, 502 (4th Cir. 2010).

2

the legal sufficiency of a § 2255 petition.").

The Court considers first petitioner's ineffective assistance of counsel claims. In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

"Appellate counsel is not required to raise an issue on appeal merely because it is not frivolous." *Keel v. French*, 162 F.3d 263, 272 (4th Cir. 1998). Furthermore, appellate counsel's decisions as to which issues to appeal are entitled to deference and "reviewing courts must accord appellate counsel the presumption that he decided which issues were most likely to afford relief on appeal." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (quotation and citation omitted). Petitioner pleaded guilty to aggravated identity theft pursuant to 18 U.S.C. § 1028A, and petitioner has not alleged that his plea was not knowing or voluntary. Petitioner's collateral attack on this conviction is therefore barred. *Bousley v. United* States, 523 U.S. 614, 621 (1998); *United States v. Lemaster*, 403 F.3d 216, 220-22 (4th Cir. 2005). Moreover, a review of the presentence report and the factual recitations by the government in this matter

sufficiently establishes that petitioner knew that the identifications he possessed belonged to real persons.

Petitioner used a company credit card as payment for a hotel room that he presented to the hotel clerk along with a credit card authorization form printed on company letterhead. The authorization form was allegedly signed by an individual whose name also appeared on ten different credit cards in petitioner's possession. Petitioner was further found to be in possession of ID cards and drivers licenses with his own picture but bearing the names of other individuals. During the Rule 11 proceedings the government proffered that petitioner had in his possession at his arrest lists of employees of a private company and of military personnel that included names of individuals and their social security numbers, and that credit cards in petitioner's possession had been issued in the names of real individuals. [DE 44 - Hrg. Tr. at 8]. Finally, petitioner stated to law enforcement officers that the social security cards he possessed "should be good" because he "bought them for $1000." [DE 73 Hr. Tr. at 8]. Such a statement corroborates that petitioner knew that the social security numbers that he paid an inflated price for did in fact belong to real individuals.

Therefore, having considered the factual basis proffered by the government at the Rule 11 and re-sentencing proceedings, to which petitioner did not object, petitioner's own statement, and the circumstances of the crime, the Court concludes that the government sufficiently established that petitioner knew that the he had utilized the identities of real individuals during the commission of his crimes. *See United States v. Santana*, 361 F. App'x 541, 542-43 (4th Cir. 2010) (unpublished) (evidence sufficient to infer knowledge where identification documents purchased for a high price); *United States v. Holmes*, 595 F.3d 1255, 1258 (evidence sufficient to

4

infer knowledge where defendant used identity to obtain drivers license and a line of credit, thereby subjecting it to repeated scrutiny); *United States v. Huerta-Loya*, 2010 WL 5395272 (4th Cir. Nov. 6, 2012) (unpublished) (same).

In light of the foregoing, petitioner has failed to demonstrate the his appellate counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance for failing to raise *Flores-Figueroa* on appeal. Furthermore, while actual innocence may excuse procedural default, petitioner has failed to "demonstrate actual factual innocence of the offense of conviction" by clear and convincing evidence. *United States v. Pettiford*, 612 F.3d 270, 282 (2010). Petitioner has stated in his response to the motion to dismiss that he did not know that the stolen identities belonged to real people, but such an assertion, without more, does not rise to the level of clear and convincing evidence. Nor has petitioner shown by clear and convincing evidence that "a miscarriage of justice [will] result" should the Court refuse to consider his actual innocence claim. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). Accordingly, any actual innocence claim raised does not excuse petitioner's procedural default and must fail.

Finally, the Court considers petitioner's claim that his sentence is procedurally unreasonable. Insofar as this claim is not related to petitioner's *Flores-Figueroa* claim, it is foreclosed as the court of appeals has already affirmed petitioner's sentence and this Court's judgment. [DE 74].

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find the Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 84] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence [DE 77] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this  31  day of  January, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-6-